UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

PRO ASSET RECOVERY LLC,

        Plaintiffs,
 -against-

CHRISTOPHER RUNCI,

        Defendant.
_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and Local Rule 81.1, Defendant Christopher Runci ("Runci") hereby gives notice of removal of this action, entitled *Pro Asset Recovery LLC v. Christopher Runci,* bearing Index No. 719741/19, from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Eastern District of New York. The summons and complaint in the underlying action ("Complaint") are attached hereto as Exhibit A. As grounds for removal, Runci states as follows:

## GROUNDS FOR REMOVAL

**I.**    **THIS ACTION IS SUBJECT TO DIVERSITY JURISDICTION**

1. This case is removable under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy meets or exceeds $75,000.

    **A.**    **The Amount in Controversy Meets or Exceeds $75,000**

2. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

59774735 v2

3. "[W]here the complaint states an amount of damages, there is a strong presumption that the stated amount is the actual amount in controversy." *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 438 (S.D.N.Y. 2006).

4. Pro Asset Recovery LLC has interposed claims against Runci seeking damages arising out of alleged defamatory statements. *See* Complaint at ¶ 15. The stated amount of damages sought in the Complaint is $500,000 and punitive damages of $1,000,000, plus interest and costs. *See* Complaint, Prayer for Relief.

5. Accordingly, the amount-in-controversy requirement is satisfied.

**B. The Parties Are Diverse**

6. Pro Asset Recovery LLC is a New York limited liability company with its principal place of business located in Chicago, IL. (*See* Compl. ¶ 1).

7. Upon information and belief, Pro Asset Recovery LLC's sole member, Baruch Gerstein, is a resident and domiciliary of the State of Illinois. Thus, Pro Asset Recovery LLC is a citizen of Illinois.

8. Defendant Runci is an individual and a resident and domiciliary of the State of Rhode Island.

9. Accordingly, the parties are diverse.

**II. SALISBURY HAS COMPLIED WITH ALL NON-JURISDICTIONAL REQUIREMENTS FOR REMOVAL**

10. Pursuant to 28 U.S.C. § 1446(a), a copy of all papers in this action served on Runci to date are attached hereto.

11. Runci was served with the summons and complaint on February 20, 2020.

12. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within 30 days of service of the Complaint.

13. To date, Runci has not filed a responsive pleading in the state court action, and no other proceedings have transpired.

14. Venue is proper in the District Court for the Eastern District of New York because the Supreme Court of the State of New York, Queens County, where this suit was originally filed, is within the District Court for the Eastern District of New York.  28 U.S.C. §§ 1441(a), 1441(b), 1446(a).

15. Pursuant to 28 U.S.C. § 1446(d), Runci will promptly give Pro Asset Recovery LLC written notice of the filing of this Notice of Removal and file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Queens.

16. By removing this action, Runci does not waive or intend to waive any defenses or counterclaims that may be available to him, and does not admit to any allegations in the Complaint.

WHEREFORE, Runci hereby gives notice that the above entitled state court action, formerly pending in the Supreme Court of the State of New York, County of Queens, has been removed to the United States District Court for the Eastern District of New York.

Dated: March 20, 2020

Respectfully submitted,

*/s/ Christopher V. Fenlon*
Christopher V. Fenlon (CF6305)
**HINCKLEY ALLEN & SNYDER LLP**
30 S. Pearl Street, Suite 901
Albany, NY 12207
Tel: (518) 396-3100
Fax: (518) 396-3101
cfenlon@hinckleyallen.com

*Attorneys for Defendant Christopher Runci*

59774735 v2

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

PRO ASSET RECOVERY LLC,                         Index No.

                      Plaintiff,        **SUMMONS**

- against -

CHRISTOPHER RUNCI,                              The basis of venue is:
                                                CPLR §503(a)

                      Defendant.

TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       November 14, 2019

                                                        **DAVID YEGER LAW PLLC**

                                          By:   */s David Yeger*
                                                 David Yeger, Esq.,
                                                 708 Third Avenue, 6th Fl.
                                                 New York, New York 10017
                                                 (212) 452-6177
                                                 david@yegeresq.com
                                                 *Attorneys for Plaintiff*

To:     Christopher Runci
        5600 Post Rd. #114-163
        East Greenwich, RI 02818

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

PRO ASSET RECOVERY LLC,

        Plaintiff,

- against -

CHRISTOPHER RUNCI,

        Defendant.

Index No.

**VERIFIED COMPLAINT**

  Plaintiff PRO ASSET RECOVERY LLC ("Plaintiff"), by its attorney, David Yeger Law PLLC, as and for its Verified Complaint against defendant CHRISTOPHER RUNCI, alleges as follows:

**PARTIES, VENUE & JURISDICTION**

  1. Plaintiff is a New York limited liability company with a principal place of business located in Chicago, IL.

  2. At all times relevant herein, defendant CHRISTOPHER RUNCI ("Defendant") is an individual residing, upon information and belief, in East Greenwich, RI.

  3. Venue is based on CPLR 503(a) because none of the parties reside in this County.

  4. Jurisdiction is proper in this State because Defendant has transacted business in New York, including servicing clients in New York, and retaining a New York based lawyer to prosecute an action in the Courts of this State.

**STATEMENT OF FACTS COMMON TO ALL CAUSES OF ACTION**

  5. In this action, Plaintiff seeks legal redress for Defendant's defamatory and slanderous written statements, that Defendant intentionally made to Plaintiff's clients and prospective clients, that were false and without justification, that have caused substantial monetary injury to Plaintiff and have damaged Plaintiff's business and reputation.

**Background**

6. Plaintiff is in the business of providing asset data to debt purchasers and collection attorneys. Plaintiff has been in this industry over four years and during that time has developed and established a well-respected reputation amongst the community of debt collection businesses.

7. The debt collection industry (the "Industry"), although large, is a tightknit community. Most companies involved in the Industry know most of the medium to large size companies that are involved in the Industry. There are regular Industry conferences where many people involved in the Industry get together to discuss Industry issues.

8. Defendant Runci's business is to assist clients who are looking to either sell or buy debt (*i.e.*, receivables, judgments, etc.) connect with companies that are in the market to purchase or sell debt. Upon information and belief, Runci occasionally operates his business under the d/b/a "Runci Group."

**Plaintiff's Agreement With Runci**

9. In or around August 19, 2016, Plaintiff and Defendant entered into an agreement, which provided, *inter alia*, that Defendant would assist Plaintiff in identifying potential customers for Plaintiff's services.

10. Only one of Defendant's supposed leads panned out and Plaintiff paid Runci a commission for that lead. Several of the "contacts" Defendant referred to Plaintiff had already left employment at the companies that Plaintiff was trying to recruit.

11. In short, Defendant was not the procuring cause of any other new business for Plaintiff. As a result, no additional monies were owned to Defendant by Plaintiff pursuant to the Agreement.

2

**Defendant's Defamatory and Tortious Conduct**

12. Apparently dissatisfied with not having received any additional compensation from Plaintiff, Defendant began a malicious campaign to defame and slander Plaintiff throughout the Industry.

13. Defendant sent multiple defamatory emails (the "Emails" or an "Email") to various members of the Industry with whom Plaintiff either: (i) had an existing business relationship; or (ii) was courting in the hope of creating a business relationship.

14. These Emails contained false statements alleging that Plaintiff wrongfully refused to pay Defendant monies that Defendant alleged was rightfully owed to him.

15. Specifically, the Emails contained the following false statement: "I made a series of introductions for the company in 2017 and was never compensated as agreed in our Contract."

16. Defendant also advised the recipients of the Emails to "steer clear" from transacting business with Plaintiff.

17. Defendant sent the Emails as follows:

   a. On November 26, 2018 at 8:18 AM, Defendant sent an Email to H.S. ("Client 1").

   b. On November 26, 2018 at 8:22 AM, Defendant sent an Email to A.D. ("Client 2").

   c. On November 26, 2018 at 8:25 AM, Defendant sent an Email to D.P. ("Client 3").

   d. On November 26, 2018 at 8:28 AM, Defendant sent an Email to R.W., C.A., and T.D. (collectively, "Client 4"). (Client 1, Client 2, Client 3 and Client 4 are referred to herein collectively as the "Clients").

3

18. Defendant is aware of the identity and corporate affiliation of each of the Clients referenced above because he sent the Emails to each of the Clients.

19. Plaintiff is aware of the Emails only because Defendant copied Plaintiff when he sent the Emails to the Clients. Upon information and belief, Defendants sent further emails, which contained statements that are in sum and substance identical to the Emails, to other members of the Industry but did not contact Plaintiff on those emails.

20. The Email sent to Client 4 was particularly damaging to Plaintiff as one of the recipients of that Email is a senior member of the Receivables Management Association (the "RMA"). The RMA is the most well-respected Industry trade association in the U.S. and Defendant's blatant goal was to sour that senior member's opinion of Plaintiff's reputation in the Industry.

21. All of the Emails referenced Plaintiff's business partner, John Coggins, as well. Subsequent to Defendant sending the Emails, Coggins ceased working with Plaintiff.

**Client 5**

22. Defendant also interfered with Plaintiff's ongoing business relationship with another member of the Industry, referred to herein as Client 5. According to its website, Client 5 is a full-service accounts receivable management firm. Its services include, *inter alia*, risk management and asset investigation.

23. In or around November 2017, Plaintiff and Client 5 began transacting business together and Client 5 began sending collection accounts to Plaintiff. The amount of revenue that Plaintiff could reasonably have expected to earn from the Client 5 business relationship approximates $30,000 per month.

4

24. Upon information and belief, Defendant contacted Client 5 and persuaded Client 5, via false statements, to cease transacting business with Plaintiff.

25. Upon information and belief, Client 5 ceased transacting business with Plaintiff because of Defendant's false and unlawful statements to Client 5.

## AS AND FOR A FIRST CAUSE OF ACTION
**(Defamation and Libel)**

26. Plaintiff repeats and realleges each and every allegation above as if more fully set forth herein.

27. The Emails that Defendant sent to Plaintiff's Clients, prospective clients and other members of the Industry were highly detrimental to Plaintiff and its business, reputation and standing, and were designed and intended to cause injury to the business, reputation and standing of Plaintiff by causing anyone who received the Emails to believe that Plaintiff failed to pay Defendant amounts that Defendant was rightfully owed.

28. The Emails contain false statements.

29. Defendant has also defamed Plaintiff by alleging activity which would tend to harm Plaintiff in its business, trade, or profession because potential clients will be unlikely to enter into a business relationship with Plaintiff if they believe their efforts will not be compensated or that Plaintiff does not comply with business agreements.

30. Defendant's statements were made recklessly and wantonly and/or with knowledge of their falsity, and/or were intended to cause harm to Plaintiff.

31. As a result of Defendant's defamatory, slanderous, and libelous statements, Plaintiff has been damaged in an amount to be determined at trial but believed to exceed $500,000.

5

32. Defendant's conduct was willful, wanton and contumacious and was undertaken with the intent to cause substantial harm to Plaintiff. Accordingly, punitive damages should be awarded in an amount to be determined at trial, but not less than $1 million.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Slander)

33. Plaintiff repeats and realleges each and every allegation above as if more fully set forth herein.

34. Defendant's Emails contains false statements concerning Plaintiff.

35. Defendant, acting with malice, intent, and ill will, sent the Emails to several members of the Industry.

36. Defendant's intent and desire, when sending the Emails, was to induce and persuade the recipients of the Emails to decline to transact business with Plaintiff.

37. Defendant's Emails injured Plaintiff in its business and commercial reputation.

38. As a result of Defendant's tortious conduct, Plaintiff has been damaged in an amount to be determined at trial but believed to exceed $500,000.

39. Defendant's conduct was willful, wanton and contumacious and was undertaken with the intent to cause substantial harm to Plaintiff. Accordingly, punitive damages should be awarded in an amount to be determined at trial, but not less than $1 million.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Injurious Falsehood)

40. Plaintiff repeats and realleges each and every allegation above as if more fully set forth herein.

41. The Emails contained false statements.

42. The Emails concerned Plaintiff's business.

43. Defendant, acting with malice, intent, and ill will, sent the Emails to several members of the Industry.

44. Defendant's intent and desire, when sending the Emails, was to induce and persuade the recipients of the Emails to decline to transact business with Plaintiff.

45. Defendant's intent and desire, when sending the Emails, was to induce and persuade the recipients of the Emails to share the false statements contained in the Emails with other members of the Industry, with the desired goal being the total destruction of Plaintiff's reputation in the industry and its ability to continue to successfully operate its business.

46. There was no valid excuse or justification for Defendant sending the Emails.

47. Defendant had nothing to gain from sending the Emails except to hurt Plaintiff's reputation and business.

48. Plaintiff sustained specific damages as a result of Defendant's actions including the loss of the Client 5 revenue.

49. Furthermore, several prospective clients that Plaintiff was wooing ceased communications with Plaintiff shortly after Defendant sent his Emails.

50. As a result of Defendant's tortious conduct, Plaintiff has been damaged in an amount to be determined at trial but believed to exceed $500,000.

51. Defendant's conduct was willful, wanton and contumacious and was undertaken with the intent to cause substantial harm to Plaintiff. Accordingly, punitive damages should be awarded in an amount to be determined at trial, but not less than $1 million.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (Tortious Interference with Business Relationships)

52. Plaintiff repeats and realleges each and every allegation above as if more fully set forth herein.

7

53. Plaintiff had a business relationship with Client 5.

54. Defendant had knowledge of the business relationship between Plaintiff and Client 5.

55. Defendant intentionally interfered with the business relationship between Plaintiff and Client 5 by advising Client 5 not to continue transacting business with Plaintiff.

56. Defendant's intent was that Client 5 to cease transacting business with Plaintiff.

57. Defendant had nothing to gain when it advised Client 5 not to continue transacting business with Plaintiff.

58. Defendant statements to Client 5 concerning Plaintiff were made with malice, intent, and ill will.

59. As a result of Defendant's conduct concerning Client 5, Plaintiff sustained monetary injury as Client 5 ceased sending collection accounts to Plaintiff.

60. But for Defendant's communications with Client 5, Client 5 would have continued to send collection accounts to Plaintiff.

61. Plaintiff had a business relationship with the Clients.

62. Defendant had knowledge of the business relationship between Plaintiff and the Clients.

63. Defendant intentionally interfered with the business relationship between Plaintiff and the Clients by sending the Emails to the Clients.

64. Defendant's intent when sending the Emails to the Clients was to persuade the Clients to cease transacting business with Plaintiff.

65. Defendant had nothing to gain when it sent the Emails to the Clients.

66. Defendant sent the Emails to the Clients with malice, intent, and ill will.

8

67. As a result of Defendant sending the Emails to the Clients, Plaintiff sustained monetary injury as the Clients ceased their communications with Plaintiff concerning sending collection accounts to Plaintiff.

68. But for Defendant sending the Emails to the Clients, the Clients would have agreed to send or continue to send collection accounts to Plaintiff.

69. As a result of Defendant's tortious conduct, Plaintiff has been damaged in an amount to be determined at trial but believed to exceed $500,000.

70. Defendant's conduct was willful, wanton and contumacious and was undertaken with the intent to cause substantial harm to Plaintiff. Accordingly, punitive damages should be awarded in an amount to be determined at trial, but not less than $1 million.

### AS AND FOR A FIFTH CAUSE OF ACTION
**(Prima Facie Tort)**

71. Plaintiff repeats and realleges each and every allegation above as if more fully set forth herein.

72. Defendant, acting with malice, intent, and ill will, sent the Emails to several members of the Industry.

73. Defendant's intent and desire, when sending the Emails, was to induce and persuade the recipients of the Emails to decline to transact business with Plaintiff.

74. Defendant's Emails injured Plaintiff in its business and commercial reputation.

75. There was no valid excuse or justification for Defendant sending the Emails.

76. Defendant had nothing to gain from sending the Emails except to hurt Plaintiff's reputation and business.

77. Plaintiff sustained specific damages as a result of Defendant's actions. Upon information and belief, Client 5 ceased sending debt collection accounts to Plaintiff as a result of

9

Defendant's conduct. The amount of revenue Plaintiff could reasonably have expected to receive from Client 5 had Client 5 continued sending debt collection accounts to Plaintiff approximates an amount greater than $30,000 per month.

78. Furthermore, several prospective clients that Plaintiff was wooing ceased communications with Plaintiff shortly after Defendant sent his Emails.

79. As a result of Defendant's tortious conduct, Plaintiff has been damaged in an amount to be determined at trial but believed to exceed $500,000.

80. Defendant's conduct was willful, wanton and contumacious and was undertaken with the intent to cause substantial harm to Plaintiff. Accordingly, punitive damages should be awarded in an amount to be determined at trial, but not less than $1 million.

## AS AND FOR A SIXTH CAUSE OF ACTION
**(Permanent Injunction)**

81. Plaintiff repeats and realleges each and every allegation above as if more fully set forth herein.

82. Monetary damages are inadequate to compensate Plaintiff from losses it has and continues to sustain if Defendant continues his unlawful conduct as set forth herein.

83. Unless Defendant is directed to cease his defamatory and libelous statements, Plaintiff will continue to suffer immediate and irreparable harm for which it has no adequate remedy at law.

84. The equities balance in favor of Plaintiff.

85. Accordingly, Plaintiff requests that this Court issue a permanent injunction directing Defendant to cease and desist from making any further defamatory, slanderous, or libelous statements concerning Plaintiff and its business.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

(i) on the First Cause of action, damages in favor of Plaintiff and against Defendant, in the amount of not less than $500,000, with the exact amount to be determined at trial, and statutory interest;

(ii) on the Second Cause of action, damages in favor of Plaintiff and against Defendant, in the amount of not less than $500,000, with the exact amount to be determined at trial, and statutory interest;

(iii) on the Third Cause of action, damages in favor of Plaintiff and against Defendant, in the amount of not less than $500,000, with the exact amount to be determined at trial, and statutory interest;

(iv) on the Fourth Cause of action, damages in favor of Plaintiff and against Defendant, in the amount of not less than $500,000, with the exact amount to be determined at trial, and statutory interest;

(v) on the Fifth Cause of action, damages in favor of Plaintiff and against Defendant, in the amount of not less than $500,000, with the exact amount to be determined at trial, and statutory interest;

(vi) on the Sixth Cause of action, injunctive relief directing Defendants to cease and desist from making any further false, defamatory, slanderous, or libelous statements concerning Plaintiff and its business;

(vii) Punitive damages in an amount to be determined at trial but not less than $1,000,000;

(viii) attorney's fees, costs and disbursements as permitted by law; and

(ix) for such other and further relief as this Court deems just and proper.

11

Dated: New York, New York
      November 14, 2019

**DAVID YEGER LAW PLLC**

By:   *s/ David Yeger*
     David Yeger, Esq.,
     708 Third Avenue, 6th Fl.
     New York, New York 10017
     (212) 452-6177
     david@yegeresq.com
     *Attorneys for Plaintiff*

## VERIFICATION

STATE OF ILLINOIS )
) ss.:
COUNTY OF COOK )

BARUCH GERSTEIN, being duly sworn, deposes and says:

I am the managing member of the plaintiff herein. I have read the foregoing Verified Complaint and hereby verify that the contents thereof are true to the best of my knowledge, except that as to those allegations which are stated upon information and belief, I believe to be true.

_____
BARUCH GERSTEIN

Sworn to before me on this
the 21st day of November, 2019

_____
Notary Public

SARKIS LANDHORIAN
Official Seal
Notary Public – State of Illinois
My Commission Expires Jan 29, 2022

13

Dated: New York, New York
November 14, 2019

**DAVID YEGER LAW PLLC**

By: _s/ David Yeger_
David Yeger, Esq.,
708 Third Avenue, 6th Fl.
New York, New York 10017
(212) 452-6177
david@yegeresq.com
*Attorneys for Plaintiff*

12

## VERIFICATION

STATE OF ILLINOIS ) 
) ss.:
COUNTY OF COOK )

BARUCH GERSTEIN, being duly sworn, deposes and says:

I am the managing member of the plaintiff herein. I have read the foregoing Verified Complaint and hereby verify that the contents thereof are true to the best of my knowledge, except that as to those allegations which are stated upon information and belief, I believe to be true.

_____
BARUCH GERSTEIN

Sworn to before me on this
the 21st day of November, 2019

_____
Notary Public

SARKIS LANDHORIAN
Official Seal
Notary Public – State of Illinois
My Commission Expires Jan 29, 2022

13