UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
   PRO ASSET RECOVERY LLC,

                                  Plaintiff,      **CIVIL CASE MANAGEMENT PLAN**

          - against -                     CV-20 01489 (BMC)

   CHRISTOPHER RUNCI,

                                Defendant.
------------------------------------------------------------ X

**COGAN**, District Judge

      After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f).

**A.**     The case  (is)   to be tried to a jury. [Circle as appropriate].

**B.**     Non-Expert Discovery:

      1.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All non-expert discovery is to be completed by 10/12/2020, which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

             The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

    2.    Joinder of additional parties must be accomplished by <u>8/12/2020</u>.

    3.    Amended pleadings may be filed without leave of the Court until <u>8/12/2020</u>.

**C.**    For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

**D.**    Motions:

    1.    Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs.

    2.    The last day for filing a letter, pursuant to Rule III.A.2 of the Court's Individual Practices, requesting a premotion conference in order to file dispositive motions shall be <u>10/19/2020</u>. (Counsel shall insert a date one week after the completion date for non-expert discovery.)

        a.    There shall be no cross-motions. Any motions not made by the agreed date shall, unless the Court orders otherwise, not be considered until after the timely-filed motion is determined.

        b.    Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Practices.

**E.**    Any request for relief from a date provided in this Case Management Plan shall conform to the Court's Individual Practices and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

**F.**    Pre-Trial Motions:

4

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

**SO ORDERED.**

Dated: Brooklyn, New York
April 14, 2020

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

# ATTACHMENT A

**The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Rule 26(a) Initial Disclosures | 4/28/2020 |
| 2. First Set of Rule 34 Requests for Production and Rule 33 Interrogatories | 5/14/2020 |
| 3. Responses to Requests for Production and Interrogatories, including production of documents | 6/12/2020 |
| 4. Rule 45 Subpoenas Duces Tecum | 5/14/2020 |
| 5. Absent leave of court, each party is limited to 10 depositions in accordance with Rule 30(A)(2)(a) | 10/12/2020 |
| 6. | |
| 7. | |
| 8. | |
| 9. | |
| 10. | |

6

# ATTACHMENT B

**For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:**

1. **PLAINTIFF'S CLAIMS:**

    Plaintiff's injury arises from sales lost as a result of Defendant's allegedly defamatory statements and tortious conduct directed to actual and prospective clients of Plaintiff. Those damages have not yet been quantified with any degree of certainty, and to some extent will require an expert opinion. By one estimate, at least one of the lost clients would have generated sales of $30,000 per month.

2. **COUNTERCLAIMS AND CROSS-CLAIMS:**

    Compensatory Damages are at least $35,000, subject to information learned during discovery.

3. **THIRD-PARTY CLAIMS:**

7